Fitzsimons, J.
The heirs of one William Cooper, who died seized of certain real estate in Westchester county, New York, were parties defendant in a certain action brought to foreclose a mortgage which was a lien upon the real estate of said Cooper, deceased, Mitchell Valentine being plaintiff in said action.
The defendant herein, Derrickson, an attorney and counsellor at law, represented William C. Cooper, one of the defendants in the foreclosure suit, and wishing to be retained by the other defendants, he engaged the plaintiff to procure a retainer from such defendants in his, Derrickson’s, favor, and for that purpose entered into the following written contract with plaintiff:
“New York, February 13, 1891.
“ This is to certify that I, the undersigned, agree to pay the just and full one-fonrth of my compensation hereafter received from the heirs of William Cooper, deceased, with the exception of William C. Cooper, which may accrue by reason of a surplus over *156 and above a mortgage indebtedness, and in an action wherein Mitchell Valentine is plaintiff, and Margaret Cooper and others are defendants, and I direct the referee therein to pay the same to the bearer, John P. Eogel, Esq., of No. 3369 Third avenue, in the city of New York, the said one-fourth of my share and charge the same to my account Excepting the said William 0. Cooper, whose one-fourth interest belongs to me absolutely, in which the said John P. Eogel does not participate therein; that the said John P. Eogel has rendered very valuable services in and to the estate of said Cooper, deceased, as well as to all of the heirs interested therein, and as a just recognition of such valuable services rendered I do hereby obligate myself as aforesaid.
“Samuel G-. Derrickson.
“ Signed in the presence of A. E. Colgan.”
The plaintiff, in pursuance of his employment under said agreement, procured the signatures of several of the defendants in said foreclosure action, in which they agreed to pay Derrickson for his services, as attorney therein, one-fourth of the surplus moneys realized upon the sale of the mortgaged premises after deducting all of the expenses, costs, etc., of said suit.
The foreclosure action proceeded to judgment. Derrickson applied to have the mortgaged premises divided into lots and sold in parcels, as it was conceded by the defendants in said action that that was the best way to sell the land, that if the same was sold in bulk it would probably realize no surplus over the mortgage debt of $8,000 and incidental costs and expenses.
Derrickson’s application was denied, and the property was ordered to be sold in bulk.
Derrickson then had the sale under the foreclosure suit stayed, and commenced an action in partition for the same heirs whose signatures the plaintiff had obtained in the foreclosure suit retaining defendant therein.
The "partition suit was pursued to judgment, and sale thereunder was had, the premises being sold in parcels as suggested by Derrickson in the foreclosure action. The land sold in this manner for between $16,000 and $17,000.
The plaintiff states that the defendant told him he had received his share, one-fourth of the surplus, amounting to $2,500, and this suit is for $625, under the written contract first mentioned. The jury rendered a verdict for plaintiff for $500.
The written contract upon which the plaintiff relies for his right to recover herein is clearly based upon and relates only and solely to a fee or percentage which the defendant would'receive out of any net surplus arising on the sale in the foreclosure action, and it limits any claim which plaintiff may have against defendant under their agreement to the fee obtained by defendant for his services in such suit
Said agreement is not general in its terms; it does not invest in plaintiff a right to claim a part of any fee earned by defendant in any other action or proceeding.
Plaintiff’s claim against defendant is limited to the fee received *157 by him from the sale in the partition action, which was not even thought of at the time of the execution of the agreement herein sued upon, and to sustain a recovery is, in my opinion, to make and create for the parties a contract never contemplated by them.
This action, if exercised by us, would be wrong and a usurpation of power, and not a function or privilege of ours.
Courts cannot make contracts for litigants; they can only construe and interpret contracts made by the litigants themselves.
As it is conceded that the defendant only received out of the foreclosure action $150, no part of which the plaintiff is entitled to, and that all the other moneys received came out of the sale in the partition suit, I believe that defendant’s motion to dismiss the complaint herein should have been granted, and that it was error for the trial justice to refuse to do so.
The judgment must, therefore, be set aside and the complaint •dismissed, with costs.
McGown, J., concurs.